IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL SHAHAN, #330974 | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. WDQ-06-2034 |
| MEDICAL STAFF at RCI, et al. | : | |
| Defendants | : | |

**MEMORANDUM**

On August 3, 2006, Plaintiff, a state prisoner incarcerated at the Roxbury Correctional Institution (RCI), filed this pro se complaint against the Medical Staff, Physiological Staff, Psychiatric Department, and the "Complete Staff" at RCI seeking damages. Paper No. 1. Counsel for the medical contractor, Correctional Medical Services, Inc., has filed a Motion to Dismiss, or in the Alternative for Summary Judgment.[1] Upon review of the pleadings, the Court will grant the Motion for Summary Judgment, and grant Plaintiff thirty days to submit a U.S. Marshal #285 form to effect service on the mental health services provider at RCI and supplement the complaint.[2]

Plaintiff generally claims that he is being denied proper treatment and medication for his psychiatric conditions. He states that he has been diagnosed with attention deficit disorder and bipolar disorder, and claims that he is being denied his medications and placement in a psychiatric facility where he can receive proper medication and treatment.

**I. Standard of Review**

---

[1] Plaintiff was provided notice pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), but did not file a reply.

[2] Additionally, the Court will grant Plaintiff an additional thirty days to either submit the $350.00 civil filing fee or file a motion for leave to proceed in forma pauperis. Plaintiff was previously ordered to provide the fee or seek indigency status, but has failed to do so. Plaintiff is again reminded that failure to timely comply with this directive may result in dismissal of his claims without prejudice.

A court may grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41 (1957). When reviewing a motion to dismiss, a court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations" and examines only the legal sufficiency of the complaint. *See id.* While the court must view the facts in a light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts," nor should it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175 (4th Cir. 2000).

**II. Discussion**

CMS does not provide mental health services at RCI or any other Maryland Department of Public Safety and Correctional Services (DPSCS) facility. Mental health services are provided to inmates at RCI by MHM Correctional Services, Inc., a private corporation, pursuant to a contract awarded by DPSCS on June 2, 2005. Under that contract, MHM will provide mental health services for all inmates confined in Maryland Division of Correction facilities, including RCI, until June 30, 2007.[3]

Inasmuch as Plaintiff complains of improper mental health care and psychiatric treatment in the Complaint, dismissal of the mental health and psychiatric care claims against CMS, a private corporation which provides medical services to inmates at correctional institutions pursuant to contract with the State of Maryland, is appropriate. Futher, even if CMS were assumed for the sake of argument to be subject to these claims, it is well established that principles of vicarious liability

---

[3] The Court will therefore grant Plaintiff thirty days to complete and return a U.S. Marshal # 285 form to effect service of process on MHM Correctional Services. The address for MHM in Maryland is: 11 Chase Street, Baltimore, Maryland 21202.

or respondeat superior do not apply to §1983 actions. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978); *Baker v. Lyles*, 904 F.2d 925m 929 (4th Cir. 1990).

**III. Conclusion**

The Court will grant the motion to dismiss Plaintiff's mental health claims against CMS. Additionally, the Court will grant Plaintiff thirty days to:1) complete and return to the Clerk a #285 form for MHM Correctional Services, Inc., to assist the U.S. Marshal in effecting service of process; 2) supplement the Complaint by providing the names of providers whom he alleges denied him proper mental health treatment, the dates treatment was denied, and other facts on which he bases his claim of improper treatment; and 3) submit the civil filing fee or a motion to proceed in forma pauperis. Plaintiff is cautioned that failure to comply with the Court's order may result in dismissal of his claims without prejudice and without further notice.

June 4, 2007                                                      /s/
Date                                                        William D. Quarles, Jr.
                                                            United States District Judge